**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MRI ASSOCIATES OF ST. PETE, INC.,**

    **Plaintiff,**

v.                                                   **Case No.  8:10-cv-713-T-30AEP**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY; STATE FARM**
**FIRE AND CASUALTY COMPANY,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff MRI Associates of St. Pete, Inc.'s ("MRI") Motion to Remand (Dkt. 8) and Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's (collectively, "State Farm") Response in opposition (Dkt. 18).  A hearing was held on the motion on September 1, 2010.

On February 19, 2010, MRI filed a three count complaint in Florida state court.  The complaint asserted class action claims for declaratory and injunctive relief and an individual claim for damages.  In the complaint, MRI alleges that State Farm underpaid certain medical bills by failing to pay claims based on the mandatory "reasonable amount" methodology required by Fla. Stat. § 627.736(1)(a) and (5)(a) and the terms of State Farm's personal injury protection ("PIP") insurance policies.  MRI further asserts that State Farm incorrectly paid

claims based on the lower alternative permissive rate methodology described in Fla. Stat. § 627.736(5)(a)2a through f, without explaining this in its insurance policies. The purported class consists of all providers who receive reimbursement based on the lower permissive rate methodology rather than higher "reasonable rate" plan.

On March 25, 2010, State Farm filed a notice of removal. MRI then filed the motion for remand on April 22, 2010. The parties dispute whether the amount in controversy exceeds $5,000,000 as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

In support of their notice of removal, State Farm submitted the declaration of Daniel P. Merrigan, a State Farm Claims Section Manager. Attached to the declaration is a spreadsheet Merrigan compiled identifying all claims submitted by MRI providers to State Farm, in which the service was rendered between January 1, 2008 and September 23, 2009, where State Farm disallowed a payment pursuant to Medicare's Outpatient Prospective Payment System ("OPPS").

The declaration and spreadsheet submitted here, were prepared for a prior case, with a different plaintiff, that was removed to the Court's Orlando division. The declaration and spreadsheet show that the amount in controversy in the earlier case, *Altamonte Springs Diagnostic Imaging, Inc. v. State Farm Mutual Automobile Insurance Co.*, 6:09-cv-1675-Orl-35KRS, exceeded $5,000,000.

In *Altamonte Springs,* the proposed class consisted of MRI providers who were subject to the OPPS reduction to the Fee Schedule amount, which State Farm argues is a

subset of the purported class here. (Dkt. 18, p. 8). In addition, State Farm argues that the claims in *Altamonte Springs* are a subset of the claims here. The dispute in *Altamonte Springs* was over the proper amount to pay when using the permissive rate plan. Here, MRI claims that State Farm should have reimbursed the class members using the higher mandatory rate plan.

CAFA provides that federal courts "have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir.2006). After the hearing, the Court is satisfied that Plaintiff's claims exceed $5,000,000.

However, one of the standard requirements for removal is that the case be such that it could have been filed in federal district court with original jurisdiction in the first place. See 28 U.S.C. § 1441(a). This case could have been filed here origingally but for the recent decision in *Cappuccitti v. DirecTV, Inc.*, 611 F.3d 1252 (11th Cir. Ga. 2010). *Cappuccitti* holds that for a CAFA action to be brought originally in federal court, at least one plaintiff must allege an amount in controversy that satisfies the $75,000 amount in controversy requirement provided in 28 U.S.C. § 1332(a). This Court is bound by *Cappuccitti*, even if it causes conflict with the statute. The Court has been informed that both parties in *Cappuccitti* have petitioned for a rehearing *en banc* but have not yet received a ruling. Therefore, MRI's Motion for Remand will be stayed pending the Eleventh Circuit's final decision in *Cappuccitti*.

It is therefore ORDERED AND ADJUDGED that:

1. This action is **STAYED** pending a final ruling in *Cappuccitti v. Directv, Inc.*

2. The parties are directed to notify this Court within ten days of the final ruling in *Cappuccitti*.

3. The Clerk is directed to administratively close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 14, 2010.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-713.stay remand 8.wpd